By the Court.—Thompson, J.
The question raised upon this appeal is as to the sufficiency of the affidavits upon which the order of arrest was granted, against the defendant Hayward.
His counsel claims that they were entirely insufficient, and that the general term of this court should therefore reverse the order of the judge granting the order of arrest.
*243 At this stage of the case, where the defendant has had full opportunity to meet and explain the facts and allegations contained in the original papers, the import of which may be somewhat uncertain, it seems to me they may fairly be given the construction most strongly against the defendant.
In this case a promissory note was given for about three hundred dollars, payable in a single month from its date.
After such note was given, and before its maturity, a fire occurred on the premises of the defendants, largely damaging the stock and property of the defendants, and large sums of money were obtained from the insurance of said property by the defendant Hayward, who kept the same from his partner and refused to pay the firm debts therewith.
The said Hayward, although leasing his house in Brooklyn until the first of May, 1871, in March prior thereto, secretly and suddenly abandoned said house and privately removed his family and furniture therefrom, to the city of Boston, leaving the said house untenanted without any notice to the landlord or his agent
These facts, when grouped together, a,ppear to me to be amply sufficient to sustain the order of arrest.
Avery just criticism is made by.the defendant’s counsel, upon the want of positive allegation of the facts set forth, and the neglect to give definite information of the sources of information by the persons making the affidavits, upon which the order of arrest was granted. But even admitting such defective allegations, it seems to me there is still a basis sufficient at this stage of the case to uphold the order of arrest.
The allegations as to the giving of the promissory note, the time of its maturity and the fact that just prior to its maturity, the stock and property of the defendants were largely damaged, and that large amounts of *244 money were received form certain insurance companies are positively alleged, and for the purposes of this motion must be considered as within the personal knowledge of the person making the affidavit.
The fact of the abandonment of the residence of the defendant, Hayward, in the city of Brooklyn, and the removal of his family and furniture to a distant place—• namely, the city of Boston—may be construed as a positive allegation, leaving the final clause with which the same is coupled, that such removal was without the permission or knowledge of his landlord or agent, as an allegation founded upon information derived from Rowley, the agent, from such landlord.
The final clause in the affidavit of the agent, Rowley, stating that the facts set forth in his affidavit are true to the best of his knowledge and belief, though weakening in its character, does not entirely destroy the force of such allegations.
They relate to facts, some of which, as with reference to his own agency and the location and the ownership of the property and the residence of the defendant and the time of the expiration of his lease, must have apparently been within his personal knowledge, and the whole of such allegations are with reference to a business directly under the supervision and control of the person making such affidavit.
It seems to me that there is enough in these affidavits, when not contradicted or explained, to raise the presumption of such a fraud, either consummated or intended, as to authorize an arrest.
There was apparently enough to call upon the defendant for some explanation or denial, and as he has not done this, I think the order of arrest should be maintained, and the order denying the motion to vacate the order of arrest should be affirmed with costs.
Jíeilsoh, J., concurred.